STATE OF LOUISIANA        *        NO. 2025-K-0829

VERSUS        *        COURT OF APPEAL

YVENERT DOLCE        *        FOURTH CIRCUIT

       *        STATE OF LOUISIANA

       *

       *

* * * * * * *

*RML*

**LEDET, J., DISSENTS**

Respectfully, I disagree, and I would deny the writ.

This Court previously examined the method of determining whether someone was subject to a custodial interrogation as follows:

> "custodial interrogation" [i]s "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *State v. Marzett*, p. 11 (La. App. 4 Cir. 6/9/10), 40 So.3d 1204, 1211 (quoting *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d 694). "A suspect is 'in custody' for *Miranda* purposes ... when a reasonable person in the suspect's position would have understood the situation to constitute a restraint of freedom of movement of the degree associated with formal arrest." *State v. Barabin*, 2013-0334, p. 5 (La. App. 4 Cir. 9/11/13), 124 So.3d 1121, 1124 (quoting *State v. Watson*, 1999-1448, p. 19 (La. App. 4 Cir. 8/23/00), 774 So.2d 232, 242). "Custodial interrogation includes situations which fall short of an actual arrest but where the accused is questioned by the police in a setting which indicated that [the accused] has been deprived of his freedom of action in a significant way." *State v. Alford*, 29,343, p. 6 (La. App. 2 Cir. 5/9/97), 694 So.2d 1162, 1166 (citing *State v. Menne*, 380 So.2d 14, 16-17 (La. 1980)). The determination as to "whether a person has been taken into custody, detained or deprived of his freedom of action in a significant way is determined by an objective test on a case by case basis." *Id*. (citing *Menne*, 380 So.2d at 17). The test includes consideration as to "whether there was probable cause to arrest prior to questioning, whether the statements and actions of the police indicate an intent to hold or restrain the accused, whether the accused reasonably believed he was restrained[,] and the extent to which the investigation had focused on the accused." *Id*. (citing *State v. Thompson*, 399 So.2d 1161, 1165 (La. 1981); *State v. Womack*, 592 So.2d 872, 877 (La. App. 2 Cir. 1991)).

*State v. Willis*, 2022-0452, p. 10 (La. App. 4 Cir. 9/1/22), 348 So.3d 167, 173-74.

1

The situation presented escalated from a vehicular stop. Trooper Seruntine testified he smelled marijuana and asked Mr. Dolce to exit the vehicle. Mr. Dolce complied, at which time Trooper Seruntine asked if he had marijuana in the vehicle. Mr. Dolce responded affirmatively. On cross-examination, Trooper Seruntine testified that Mr. Dolce was not free to leave once he stepped out of his vehicle. This signaled Trooper Seruntine's obligation to give Mr. Dolce *Miranda* warnings, but he failed to do so.

Trooper Seruntine's unequivocal testimony that Mr. Dolce was not free to leave from the minute he exited his vehicle presented the trial court with sufficient factual evidence to support the trial court's judgment granting the motion to suppress Mr. Dolce's statement. Therefore, I would find no abuse of the trial court's discretion, and I would deny the writ.